## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MITAVION WILLIAMS** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION NO.**  1:21-CV-3015-AT-CCB |
| | : | |
| **VICTOR HILL** | : | |
| | : | |
| **Defendant.** | : | |

## **COMPLAINT**

Comes now plaintiff and respectfully shows;

1.

This is an action under 42 U.S.C. § 1983 for violation of plaintiff's due process right to be free of excessive punishment and excessive use of force as well as violations of the Georgia Constitution's Abuse provision found in Art. 1 See 1 Para XVII and for state tortious conduct.

2.

This Court has jurisdiction under U.S.C. § 1343 and supplemental jurisdiction under 28 U.S.C. § 1367.

1

3.

Defendant is a resident of the Northern District of Georgia, and is subject to the jurisdiction of the Court. He may be personally served with the complaint and summons at the Clayton County Sheriff's Office, 9157 Tara Blvd in Jonesboro, Ga.

4.

Plaintiff is presently a pretrial detainee at the Clayton County Jail.

5.

Plaintiff has exhausted all applicable administrative remedies.

6.

The actions of defendant were undertaken under color of state law.

7.

Defendant Hill has a policy and practice of using excessive force on inmates housed at the county jail through the use of an inmate restraint chair.

8.

The Clayton County Sheriff's Office ("CCSO") is the law enforcement agency responsible for staffing, maintaining, and running the jail.

9.

Defendant VICTOR HILL is the Clayton County Sheriff and is in charge of the CCSO and the administration of the jail.

2

10.

As a certified law enforcement officer, Defendant Hill has regularly received training, including use-of-force training that instructed force may not be used to punish a subject.

11.

The CCSO's "Inmate Restraint Chair" policy ("the policy"), which had been approved by Defendant Hill, stated that "a restraint chair may be used by Security staff to provide a safe containment of an inmate exhibiting violent or uncontrollable behavior and to prevent self-injury, injury to others or property damage when other control techniques are not effective."

12.

Consistent with the Fourteenth Amendment's Due Process Clause, the policy emphasized that use of a restraint chair "will never be authorized as a form of punishment."

13.

On December 26, 2019, Plaintiff was a pretrial detainee at the Clayton County Jail.

14.

He had been arrested for a number of charges including breaking into the property of a sheriff's deputy.

15.

He was arrested without incident, he was unarmed, not under the influence of drugs and offered no resistance on or about December 26, 2019 when he was placed on the restraint chair for more than four hours, not only restrained with straps from the restraint chair, but handcuffed behind his back.

[16.]

On April 19, 2021, Defendant was indicted by the United States of America for repeatedly using the inmate restraint chair to inflict punishment on certain inmates. The case has not come to trial.

[17.]

A true and correct copy of the indictment is attached as Exhibit A.

[18.]

One of those victims, Glenn Howell filed his own suit against defendant. A true and correct copy of such suit is attached as Exhibit B.

19.

Even though defendant has been indicted and suspended from office, the use of the restraint chair is still threatened against inmates presently incarcerated at the jail.

FIRST COUNT

20.

Paragraphs 1-19 are realleged as though set out and in full.

[21.]

As a direct and proximate result of defendant's actions, plaintiff suffered damages in the amount of $ 250,000.

[22.]

Defendant's actions were malicious, oppressive and/or deliberately indifferent to plaintiff's rights.

[23.]

Plaintiff is entitled to punitive damages in the amount of $ 500,000.

[24.]

Plaintiff is entitled to reasonable attorney fees under U.S.C. § 1988.

SECOND COUNT

[25.]

Paragraph 1-24 are realleged as though fully set out.

[26.]

Defendant acted with the conscious and malicious intent to cause plaintiff injury.

[27.]

Defendant violated plaintiff's right to be free from abuse under the Georgia Constitution.

[28.]

Plaintiff is entitled to general damages in the amount of $ 250,000 which he suffered as a proximate result of defendant's actions.

[29.]

All of defendant's actions complained of in the complaint showed actual malice, willful conduct, wantonness, oppression or the entire want of care which raises the presumption of conscious indifference to consequences. His acts were taken to harm plaintiff and deprive him of his state constitutional rights.

[30.]

Plaintiff is entitled to punitive damages of $ 500,000.

[31.]

Plaintiff is entitled to reasonable attorney fees because of defendant's intentional tort.

THIRD COUNT

[32.]

Paragraphs 26-31 are realleged as though fully set out.

[33.]

Defendant's conduct as outlined above was outrageous, is deplorable and goes well beyond that tolerated in a civilized society.

[34.]

Plaintiff has suffered emotional distress and other injuries including, but not limited to, fear, anger, humiliation, embarrassment, worry, and helplessness as a result of defendant's outrageous conduct. He has suffered permanent scarring.

WHEREFORE Plaintiff prays:

1)  For damages in the amount of $250,000;

2)  Punitive damages in the amount of $500,000;

3)  Jury Trial;

4) Attorney fees; and

5)  Such other and further relief as is just and proper.

Respectfully submitted,

/s/ Ralph Goldberg

**Goldberg & Cuvillier, P.C.**
3469 Lawrenceville Hwy., Suite 102     Ralph Goldberg
Tucker, Ga. 30084-6919                 Georgia Bar No. 299475
(770) 670-7343                         Attorney for Plaintiff
(770) 670-7344 (FAX)
attorneygoldberg@hotmail.com