## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GLENN HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO _____ |
| ) | |
| ) | JURY TRIAL DEMANDED |
| CLAYTON COUNTY SHERIFF ) | |
| VICTOR HILL, in his official and ) | |
| individual capacities, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

NOW COMES, GLENN HOWELL, Plaintiff herein, and hereby submits this his Complaint for Damages, by and through counsel, against the above-named Defendant on the following grounds:

## JURISDICTION AND VENUE

### 1.

This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

**2.**

Venue in this district and division is proper under 28 U.S.C. § 1391 as the Defendant is located in the Northern District of Georgia, Atlanta Division, and the conduct complained of herein occurred in Clayton County [hereinafter "County"], Georgia and therefore within this district and division.

## PARTIES

**3.**

Plaintiff [hereinafter "Howell"] is now and was at the time of all occurrences described herein, a resident of Butts County, Georgia, and at all times relevant hereto was a citizen of the United States of America entitled to all of the rights, privileges and appurtenances thereto.

**4.**

Howell shows that at all times relevant hereto, that the Defendant [hereinafter "Sheriff Hill"], was the Sheriff of Clayton County, Georgia and that Sheriff Hill is subject to the venue and jurisdiction of this court. Sheriff Hill is sued in both his official capacity as a constitutional officer and in his individual capacity. He may be personally served with the Complaint and Summons at the Clayton County Sheriff's Office, 9157 Tara Boulevard, Jonesboro, Georgia 30236.

## NATURE OF ACTION

### 5.

Howell asserts his claims under 42 U.S.C. §§ 1983 and 1988 to recover for personal injuries and economic damages suffered while incarcerated as a pretrial detainee in the County Jail wherein he was, at the express direction of Sheriff Hill, strapped to a restraint chair for approximately six (6) hours and then placed in a suicide cell wearing only a paper gown for approximately eight (8) hours solely for the purpose of punishment, and without serving any legitimate non-punitive governmental objective.

### 6.

Sheriff Hill's actions have deprived Howell of his paramount rights and guarantees provided under the Fourteenth Amendment of the United States Constitution and the laws of the State of Georgia.

### 7.

Howell also files this Complaint for Damages to collect punitive damages from Sheriff Hill because he can prove by clear and convincing evidence that Sheriff Hill's actions show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

**8.**

Each and every act of Sheriff Hill alleged herein was committed by Sheriff Hill, each and every one of them, under the color of state law and within the scope of his discretionary functions when he chose to order, authorize and institute the punitive restraint of Howell.

**9.**

At all times relevant to this action, Sheriff Hill was the elected County Sheriff. Pursuant to his oath of office, Sheriff Hill swore to uphold and enforce the Constitutions and laws of the United States and the State of Georgia within the County.

**10.**

Howell asserts claims against Sheriff Hill, individually and in his official capacity as an independent, constitutional, elected official acting neither as an arm of the State of Georgia nor the County. In his official capacity as an independent, constitutional, elected official, Sheriff Hill's actions, as alleged herein, were not subject to review by either the State of Georgia or the County Board of Commissioners as Sheriff Hill was the final policy maker on behalf of the

independent, constitutional and elected office of Sheriff for the County at all time relevant to this action.

## FACTUAL ALLEGATIONS

### 11.

Howell owns and operates a landscaping business. On or about March 25, 2020, Josh Guthrie, a Lieutenant employed by Sheriff Hill, contacted Howell to inquire about landscaping the front and back yard of his home located in Butts County, Georgia at 752 Hillcrest Drive, Jackson, Georgia 30233. The two agreed to terms shortly thereafter. Howell arrived with his tractor on Friday, April 17, 2020 and began working on Lt. Guthrie's yard.

### 12.

After having completed significant portion of the job on April 17, 2020, a dispute arose between Lt. Guthrie and Howell regarding the coordination of work to be performed by a separate contractor hired by Lt. Guthrie. At such time, Howell was ordered to cease work, leave his property and to not return. Howell did as requested but could not complete the job as a result.

### 13.

Mr. Guthrie messaged Howell the following day stating Howell would need a police escort to obtain certain tools that Howell had left at the property. The two

then exchanged a series of text messages on April 18th and 19th including a message from Lt. Guthrie threatening to obtain arrest warrants against Howell and a response from Howell stating that he would be filing a lawsuit against Lt. Guthrie in civil court for non-payment.

**14.**

At 8:38 p.m. on April 23, 2020, Howell received a text message from Lt. Guthrie warning of legal action if Howell was at or near his house again. Howell quickly responded "what are you talking about" and advised that he had a contract with the homeowner across the street.

**15.**

At 9:02 p.m. on April 23, 2020, Howell answered an incoming call on his cell phone from an unfamiliar number, (404) 548-0552, now known to be Sheriff Hill's personal cell phone. When the caller identified himself as Sheriff Victor Hill and threatened Howell with arrest if there was any further contact with Lt. Guthrie to pursue the debt owed or otherwise, Howell was in disbelief and skeptical that the caller was in fact Sheriff Hill. Howell had never met Sheriff Hill, did know Sheriff Hill, and had never spoken with Sheriff Hill. During the call, which lasted less than five (5) minutes, Howell expressed his disbelief and

used profanities towards Sheriff Hill.  (See statement of April 23, 2020 call history for Howell's Sprint cell phone attached hereto as Exhibit A).

**16.**

At the conclusion of the phone call, Howell contacted (404) 548-0552 via Facetime on his iphone in a further attempt to confirm the identity of the caller as Sheriff Hill.  Sheriff Hill answered Howell's Facetime call on the second or third attempt wearing a face mask that covered the bottom half of his face.  Sheriff Hill repeatedly refused Howell's request that he remove his mask to expose his face.  Furthermore, Sheriff Hill refused to show Howell proof of his identity such as his license or law enforcement badge. When Sheriff Hill then abruptly ended the Facetime call, Howell made a few more Facetime attempts to (404) 548-0552 immediately thereafter on the night of April 23, 2020.

**17.**

Contemporaneous with Howell's Facetime attempts on the night of April 23, 2020, Howell received the following text message from (404) 548-0552:

> "This is your only and formal warning in writing not to call me or face time me again.   If you text or call me one more time I will have you arrested for harassing communications.  Also you will be served with a TPO for harassing my Lieutenant.  Do not go near his house again, or you will be arrested for stalking."

Still seeking confirmation that the individual sending the message was Sheriff Hill, Howell responded "So this is Victor Hill correct." Sheriff Hill sent the following message instead of confirming his identity as requested:

> "This is your second warning in writing to stop and not to call me or face time me again."

(See screenshot of texts from Sheriff Hill attached hereto as Exhibit B).

### 18.

The following morning, April 24, 2020, at 8:06 a.m., an arrest warrant was obtained from a Clayton County Magistrate Court Judge against Howell based on the false and misleading affidavit of Sheriff Hill's employee, Logan Edward Smith, for the misdemeanor offense of Harassing Communications under O.C.G.A. § 16-11-39.1. The affidavit falsely states that "said accused did contact Victor Hill repeatedly via phone call for the purpose of harassing Victor Hill by calling Victor Hill approximately five times after being asked to stop." (See State Warrant with incorporated Affidavit attached hereto as Exhibit C).

### 19.

The affidavit omits significant facts which would have prevented a finding of probable cause including but not limited to: (i) Sheriff Hill initiating contact with Howell on his personal cell phone at 9 p.m.; (ii) Sheriff Hill attempting to dissuade Howell, via threat of arrest, from pursuing a civil claim against Lt.

Guthrie; (iii) the Facetime call between Howell and Sheriff Hill and the substance thereof; (iv) Howell's text message and other attempts to confirm the identify of Sheriff Hill; (v) or that Howell had used profanity against, and otherwise insulted, Sheriff Hill during their phone call.

**20.**

At 1:26 p.m. on April 24, 2020, Sheriff Hill identified himself for the first time in writing and notified Howell of the arrest warrant with the following message:

> "Mr. Howell this is Sheriff Victor Hill. We have a warrant for your arrest. Would you like to turn yourself in, or have my Deputies come find you?"

Howell did not respond to Sheriff Hill's text but instead contacted an attorney that day to schedule an appointment to discuss the matter and turning himself in. Sheriff Hill again texted Howell the following message the next day, April 25, 2020:

> "My Deputies are actively looking for you. We have not and will not agree for you to turn yourself in when you want to. Turn yourself in today."

(See screenshot of texts from Sheriff Hill attached hereto as Exhibit B). Over a two-day period thereafter, Sheriff Hill's heavily armed Fugitive Squad visited

several locations in Butts County, Georgia searching for Howell without first notifying or requesting the assistance of the Butts County Sheriff's Office.

## 21.

Having met with his criminal defense counsel and made arrangements for the posting of bond, Howell voluntarily surrendered himself to the Clayton County Jail at about 7:30 p.m. on April 27, 2020. Shortly after entering the booking area, a member of the jail's tactical team entered and said "yeahhhh, we've been waiting on you."

## 22.

At around 8 p.m., Howell was placed in a holding cell very close to the booking area without having been assigned a cell, provided a jail jumpsuit, or otherwise completing the booking process. A short time later, Howell heard a jailer yell "Sheriff on deck" as Sheriff Hill arrived to his cell along with members of the jail's tactical team. As the door to the cell opened, a tactical team member told Howell to step outside and to "face the Sheriff." Sheriff Hill immediately got in Howell's face and said "do I look like a motherfucker now?" After being berated and taunted by Sheriff Hill and his team, Howell was strapped into a restraint chair and placed into a suicide cell where he remained for approximately six hours.

**23.**

Despite being fully compliant and exhibiting no behavior which would justify the use of restraints whatsoever, Howell's wrist restraints were cinched so tight that both his hands went numb and he was left with small wounds on both wrists. He is currently treating with an Orthopedic for injuries to his wrists with ongoing pain, numbness, loss of sensation and loss of function in his hands and wrists.

**24.**

At about 3:30 a.m. on April 28, 2020, Howell was released from the restraint chair and returned to the booking area where he removed his personal clothing, took a shower and put on an orange jumpsuit as ordered. He was then placed in a booking cell until about 4:30 a.m. At such time without justification or explanation, Howell was ordered to strip naked by removing his orange jumpsuit, underwear, tee shirt, socks and sandals and to put on a paper suicide gown.

**25.**

Dressed in only a paper suicide gown, Howell was returned to the suicide watch area and placed in an exceptionally cold suicide cell with five other men where he remained until just before his first appearance in the Clayton County Magistrate Court at 1 p.m. on April 28, 2020. Like the gowns of the other men in

the cell, Howell's gown soon tore and otherwise fell apart such that his private parts were exposed.

**26.**

Upon having a bond set and returning from his first appearance, Howell was housed in the unit of the jail designated for convicted felony prisoners awaiting placement with the Georgia Department of Corrections. Sheriff Hill again personally visited Howell at about 4:30 p.m. on April 28, 2020 to make sure that there "would not be any problems with you [Howell] going forward." Howell was respectful, as he had been throughout his brief incarceration, and assured Sheriff Hill that there would be no problems.

**27.**

Howell posted bond and was released on the night of April 28, 2020. His criminal prosecution, instituted by Defendant Hill, for Harassing Communications under O.C.G.A. § 16-11-39.1 is pending in the State Court of Clayton County, Georgia.

**28.**

Sheriff Hill has a custom and practice of using the restraint chair without a rational justification related to maintaining institutional security or preserving

12

internal order and discipline. Moreover, Sheriff Hill's custom and practice is to use the restraint chair to punish inmates with whom he has personal grievances.

**29.**

As a consequence of Defendant's misconduct, Plaintiff has suffered substantial mental and emotional distress.

**30.**

As a consequence of Defendant's misconduct, Plaintiff has suffered physical injuries.

**31.**

Defendant's cruel and unusual conduct was carried out willfully, deliberately, sadistically, maliciously and in conscious disregard for Plaintiff's federally protected rights under the Fourteenth Amendment to the United States Constitution.

## SUBSTANTIVE ALLEGATIONS

### COUNT ONE: EXCESSIVE FORCE IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE TO THE UNITED STATES CONSTITUTION ENFORCED VIA 42 U.S.C. § 1983.

**32.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 31 above as if fully restated.

**33.**

Defendant ordered that an arrest warrant be sworn out against Plaintiff for Harassing Communications under O.C.G.A. § 16-11-39.1 following a contentious phone call initiated by Defendant to Plaintiff's cell phone wherein Defendant attempted to dissuade Plaintiff from pursuing a civil remedy against his deputy and refused to provide Plaintiff proof of his identity as requested. Defendant then sent his heavily armed fugitive squad two counties over for two days in search of Plaintiff on a misdemeanor warrant.

**34.**

Upon surrendering himself as a misdemeanor pretrial detainee to the Clayton County Jail, Plaintiff was personally visited by Sheriff Hill who berated him, ordered him to the restraint chair and then to a suicide cell, all without any rational justification related to a legitimate non-punitive governmental purpose.

**35.**

At no time during his incarceration did Plaintiff make any statements, exhibit any behavior, or take any action that would indicate he was a threat to himself or others. Moreover, Plaintiff was fully compliant and did as ordered during his entire incarceration.

**36.**

Defendant's restraint and use of force against was wholly unnecessary, objectively unreasonable, and served no legitimate non-punitive governmental purpose.

**37.**

Defendant acted with actual malice and with the specific intent to injure Plaintiff.

**38.**

Defendant was acting under the color of law and is liable for damages arising from the punitive restraint and excessive force used against Plaintiff.

## COUNT TWO: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**39.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 38 above as if fully restated.

**40.**

Defendant's conduct as outlined above was outrageous, is deplorable and goes well beyond that tolerated in a civilized society.

**41.**

Plaintiff has suffered emotional distress including, but not limited to, fear, anger, shame, humiliation, embarrassment, and worry as a result of Defendant's actions.

**42.**

Plaintiffs have suffered injuries and damages as a result of Defendant's outrageous conduct.

## COUNT THREE: ATTORNEY'S FEES

**43.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42 above as if fully restated.

**44.**

Pursuant to 42 U.S.C. § 1988 and O.C.G.A. § 13-6-11, Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation.

## COUNT FOUR: DAMAGES

**45.**

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 44 above as if fully restated.

**46.**

As a result of Defendants' conduct, Plaintiff has incurred loss of liberty, shame, humiliation, along with other physical and mental pain and suffering and will continue to suffer into the future.

**47.**

As a result of Defendants' conduct, Plaintiff has incurred special damages in an amount to be proven at trial.

**48.**

All of the Defendant's actions complained of in this Complaint showed actual malice, willful conduct, wantonness, oppression or the entire want of care which raises the presumption of conscious indifference to consequences. His acts were taken to harm Plaintiff and to deprive him of his constitutional rights.

**49.**

Plaintiff should be awarded actual damages as well as punitive damages in an amount sufficient to deter, penalize, and punish Defendant in light of the circumstances of this case.

**WHEREFORE PLAINTIFF PRAYS:**

(a) that Defendant be served with a copy of this Complaint and process as provided by law;

(b) that Plaintiff recover of Defendant special and general damages as proven at trial;

(c) that Plaintiff recover punitive damages against Defendant;

(d) that Plaintiff recover costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and O.C.G.A. § 13-6-11;

(e) that Plaintiff have a trial by jury;

(f) that Plaintiff have such further relief as the Court may deem just and proper;

>    ***DEMAND FOR JURY TRIAL***
>    Plaintiff requests trial by jury for all issues so triable.


Respectfully submitted this __24th__ day of June, 2020.


/s/ Darryl L. Scott_____
Darryl L. Scott
Georgia Bar No. 635479
Attorney for Plaintiff


Law Office of Darryl L. Scott, LLC
320 Corporate Center Court
Stockbridge, Georgia 30281
(770) 474-5646
Darryl@dscottlawoffice.com