IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MITAVION WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:21-CV-3015-AT-CCB |
| v. | ) | |
| | ) | |
| VICTOR HILL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW defendant Victor Hill ("Sheriff Hill") and files this reply brief in support of his motion to dismiss plaintiff's amended complaint (Doc. 9).

**I.   ARGUMENT AND CITATION OF AUTHORITY**

**A.   Plaintiff's Complaint Is Subject To Dismissal Under the PLRA Due To His Failure To Exhaust His Administrative Remedies**

As set forth in Sheriff Hill's memorandum of law in support of his motion to dismiss plaintiff's initial complaint (Doc. 3-1, pp. 3-7) and reply brief in support of same (Doc. 10, pp. 2-5), which he incorporates by reference herein, plaintiff did not submit a grievance alleging the wrongdoing he is complaining of in this action.

In response, plaintiff contends that (1) there is a fact issue as to "orientation, (2) plaintiff was not informed about the grievance procedure "at the time in question," and (3) "there was no remedy." (Doc. 11, pp. 3-4.)  Under Turner v.

Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008), cited in plaintiff's response, the Court is required to "make specific findings in order to resolve the disputed factual issues related to exhaustion" under the two-step PLRA process.

Plaintiff submits an affidavit notarized by his counsel (Doc. 8-1), wherein he now appears to contend that at the time he was placed in the restraint chair, he had "not heard" of a grievance system.  (Doc. 8-1, ¶ 4.)  Plaintiff does not dispute that he was in orientation prior to being placed in the restraint chair, but contends that no one told him that the kiosk was used for filing grievances.  (Id., ¶ 5.) After he was placed in the restraint chair, plaintiff contends that he was placed in isolation for the night and then returned to orientation.  (Id., ¶¶ 6, 7.)  Plaintiff contends that upon his return, the kiosks were turned off and no one informed him of the grievance system for his remining three days in orientation.  (Id., ¶¶ 6-8.) Plaintiff even contends that to this date, no one has ever told him that he is required to file a grievance.  (Id., ¶ 11.)

Sheriff Hill submitted evidence showing that plaintiff had the knowledge and ability to submit a grievance under the Grievance Procedure.  It is undisputed that plaintiff knew how to follow the Grievance Procedure.  He used it to file multiple grievances during his time at CCJ.  (Doc. 3-2.)  Below is just one example:

```
Report - Inmates Grievance History Detail

Inmate Name    MITAVION WILLIAMS              Inmate ID       1764186
Created        12/20/2020 11:31:23 am EDT     Request ID      302401
Location       2201B                          Kiosk           VV HU2 - 4
Assigned To    (all)                          Kiosk ID        11974
Status         Resolved Substantiated         Status Entered  12/21/2020 09:13:00 am EDT
Status By      Enenwan Akpanlquot             Classification  (no classification assigned)

Grievance      i had pictures sent to the jail that i havent got in my mail room im tryna figure out the reasons why ?
               its a total of 6 pictures if im not mistaking that came to the jail in month of october and nov.

Admin Notes

Notes to Inmate  Pictures were scanned to the kiosk in October20, 2020 from Tiffany Edwards and there was a
                 message on the kiosk with explanation. No physical copies of pictures have arrived. Contact a
                 Housing Unit Officer, Sergeant, Lieutenant, or Captain to call the company to retrieve photos that
                 you couldnot see on kiosk
```

It is undisputed that plaintiff never at any point submitted a grievance, or complained to anyone, about his placement in the restraint chair.

Plaintiff's representation that he was unaware of the Grievance Procedure is simply not credible given the record evidence and his false allegation in the complaint. Plaintiff alleged in his complaint that he exhausted the applicable remedies, so he knew they existed, but he provides no evidence whatsoever to support his false allegation or to contradict the evidence submitted by the Sheriff. (Doc. 1, ¶ 5.) Plaintiff also falsely states in his affidavit tht he was incarcerated at the CCJ for a "couple of day[s]" before being placed in the restraint chair. The Sheriff's Office records, however, reflect that plaintiff was booked on December 22, 2019. (See CCSO Booking Record attached hereto as Exhibit A.) Plaintiff alleges in the complaint that he was placed in the restraint chair on December 26,

2019, which is **four days** later and not a "couple of days." (Doc. 1, ¶ 15.) Plaintiff does not dispute that he went through orientation. If plaintiff, or any inmate, chooses not to pay attention during orientation, that does not excuse the exhaustion requirement.

Even giving plaintiff the benefit of the doubt that he was unaware of the Grievance Procedure during the days immediately after the use of the restraint chair, it is undisputed that at some point he became aware (or remembered) the Grievance Procedure because he submitted grievances at the CCJ. Plaintiff at any point could have at least submitted an out-of-time grievance to complain about the restraint chair, but he failed to. Plaintiff could have exhausted his administrative remedies by filing a grievance at the CCJ and then by showing good cause for its tardiness. Bryant v. Rich, 530 F.3d 1368, 1373 (11th Cir. 2008) (holding that plaintiff could have filed an out-of-time grievance at a different prison from where alleged abuse occurred and then shown good cause for its untimeliness); Prickett v. Lawson, No. 607CV041, 2008 U.S. Dist. LEXIS 95314, 2008 WL 5046063, at *3 (S.D. Ga. Nov. 24, 2008) ("The fact that [Plaintiff] ultimately wound up in . . . a different prison does not excuse her failure to exhaust administrative remedies before commencing this case.").

Plaintiff's "unawareness" argument was presented to a district court in this Circuit and summarily rejected. See, e.g., Youmans v. St. Lucie Cty. Jail, No. 15-

14164-Civ-MARRA, 2018 U.S. Dist. LEXIS 8944, at *55 (S.D. Fla. Jan. 18, 2018).  The plaintiff in Youmans argued, like plaintiff here, that he "was unaware that he had to complain or otherwise grieve the issues." Youmans, 2018 U.S. Dist. LEXIS 8944, at *55.  Like in Youman, this is "refuted by the record evidence." The district court, moreover, was not persuaded by this lack of awareness argument as making the grievance procedure unavailable because there was not a "dead end," an "opaque" administrative scheme, or "thwarting" of the grievance process through "machination, misrepresentation, or intimidation." 2018 U.S. Dist. LEXIS 8944, at *20-21 (citing Ross v. Blake, 136 S. Ct. 1850, 1852 (2016)).

The record demonstrates that plaintiff had an administrative remedy in the form of a Grievance Procedure available to him while confined in the CCJ. Despite the availability of and access to a Grievance Procedure, plaintiff did not file a grievance regarding the restraint chair at any time while at the CCJ.  Even if plaintiff was unaware that he was required to file a grievance before filing suit, that requirement is mandatory and this Court lacks the discretion to waive the PLRA's exhaustion requirement. McDaniel v. Crosby, 194 F. App'x 610, 612-13 (11th Cir. 2006).

B.     **Plaintiff's Federal Claims Against Sheriff Hill Are Barred By Qualified Immunity**

    1.     **No Constitutional Violation**

In his initial brief, Sheriff Hill established that even if the PLRA does not bar plaintiff's complaint, the federal claims are still subject to dismissal based on qualified immunity because the mere use of a restraint chair does not amount to a constitutional violation.  In his response, plaintiff does not address the case law cited by the Sheriff whatsoever, instead he continues to maintain that the Sheriff should somehow be liable for a constitutional violation solely because he allegedly directed that plaintiff be placed in a restraint chair. (Doc. 11, p. 5.)  As cited in the Sheriff's initial brief, courts have held that the mere use of a restraint chair does not amount to a constitutional violation. See, e.g., Williams v. Burton, 943 F.2d 1572 (11th Cir. 1991) (affirming summary judgment to the defendants and finding that there was no constitutional violation because the restraints were not used to inflict pain, but were ordered to prevent plaintiff from encouraging unrest in a volatile prison situation and to protect the prison officials); Taylor v. Nettles, Civil Action No. 1:11-1479-TLW-SVH, 2012 U.S. Dist. LEXIS 134332, at *4-5 (D.S.C. Sep. 20, 2012) (granting summary judgment to prison officials where "[t]here was no resistance by the Plaintiff when placed in the restraint chair and prison officials used no force during the restraining procedure.").

Plaintiff does not address these cases or any other cases where the use of a restraint chair was held by courts to be a constitutional practice.  Therefore, Sheriff Hill is entitled to qualified immunity because the mere use of a restraint chair does not violate the Constitution.

### 2. No Violation of Clearly Established Law

Sheriff Hill also established in his initial brief that he is entitled to qualified immunity for the additional reason that he did not violate clearly established law under the Fourth or Fourteenth Amendments.  In response, plaintiff cites to Howell v. Hill, 1:20-cv-02662 WMR.  (Doc. 11, p. 7.)  However, Howell is a district court order and was decided after the incident in question, so Howell is not controlling and cannot clearly establish the law for purposes of this case.  West v. Davis, 601 F. App'x 929, 930 (11th Cir. 2015) (affirming grant of qualified immunity and finding that the cases cited by the plaintiff "were decided after the event in question took place.").

Plaintiff also cites for the first time to Hudson v. McMillian, 503 U.S. 1, 13 (1992) as clearly establishing the law for purposes of this case.  (Doc. 11, p. 7.)  However, Hudson does not remotely resemble the facts alleged in this case and does not involve the use of a restraint chair.  Hudson involves allegations that officers kicked and punched an inmate, which the inmate alleged was cruel and unusual punishment under the Eighth Amendment.  The facts in Hudson are too

remote and general to clearly establish the law for purposes of the alleged use of the restraint chair in this case. Gaines v. Wardynski, 871 F.3d 1203, 1207 (11th Cir. 2017) (reversing a district court for defining "clearly established law" at too high a level of generality).

Plaintiff does not allege that any force was used prior to, during, or after he was placed in the restraint chair. Plaintiff does not allege any physical injury from the use of the restraint chair, either. Plaintiff's claim of excessive force is predicated merely on his placement in a restraint chair for 4 hours; however, plaintiff does not cite to a single case that supports his claim that this constitutes excessive force. Walker v. Youker, No. 3:21-cv-00010, 2021 U.S. Dist. LEXIS 84243, at *11 (M.D. Tenn. May 3, 2021) ("The complaint does not allege that Plaintiff was kept in the restraint chair for an unreasonable amount of time or that he suffered any harm as a result of being restrained in the chair.").

Plaintiff does not show any controlling authority or robust consensus of cases of persuasive authority putting any local government employees or officials on clear notice the use of a restraint chair constitutes excessive force. As the burden is on plaintiff to show the right he seeks to vindicate was clearly established, this omission is fatal. See, e.g., Taylor v. Nettles, Civil Action No. 1:11-1479-TLW-SVH, 2012 U.S. Dist. LEXIS 134332, at *4-5 (D.S.C. Sep. 20, 2012) (granting summary judgment to prison officials where "[t]here was no

resistance by the Plaintiff when placed in the restraint chair and prison officials used no force during the restraining procedure.").

## C. Plaintiff's State Law Claims Against Sheriff Hill Are Barred By Official Immunity

Sheriff Hill established that plaintiff's state law claims against him are barred by official immunity because he was at all times performing discretionary functions and the complaint fails to allege facts to show that he acted with actual malice. In his response, plaintiff does not dispute that the Sheriff was performing discretionary functions, but contends that the "amended complaint set out" that the Sheriff "acted with the conscious and malicious intent to cause Plaintiff injury." (Doc. 11, p. 6.) However, plaintiff's conclusory remarks that Sheriff Hill acted with "malicious intent" is insufficient to overcome official immunity. See, e.g., Harper v. Perkins, 459 F. App'x 822, 828 (11th Cir. 2012) (applying official immunity under Georgia law, the Court held that "we cannot rely on [plaintiff's] legal assertions of actual malice in the complaint" for purposes of a motion to dismiss); Moseley v. McKesson Med.-Surgical, Inc., 2013 WL 3639686, at *1 (M.D. Fla. July 11, 2013) (allegations that actions were "were willful and done with malice" are insufficient to state an actionable claim because these statements amount to legal conclusions).

Legal conclusions must be supported by factual allegations, and a court need not accept them as true. Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010); Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003) (stating that "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal"); Richardson v. Quitman Cnty., Ga., 912 F. Supp. 2d 1354, 1381 (M.D. Ga. 2012) (noting that plaintiffs' reference to malicious intent in complaint did not impact the Court's decision on official immunity).

Turning to the allegations in the amended complaint, plaintiff alleges that Sheriff Hill directed that he be placed in a restraint chair for more than four hours. (Doc. 6, ¶ 15.) However, this use of force, even if sufficient to support any criminal charges, is insufficient alone to establish actual malice. See, e.g., Baker v. Clements, 760 F. App'x 954, 956 (11th Cir. 2019) (affirming district court's conclusion that "Defendant Officers were entitled to official immunity from Plaintiff's state law battery claim because Plaintiff had produced no evidence that Defendant Officers acted with actual malice."); Taylor v. Waldo, 309 Ga. App. 108, 112, 709 S.E.2d 278, 282 (2011) (concluding there was insufficient evidence of actual malice to defeat official immunity for assault and battery claim where the defendant "unnecessarily threw [the plaintiff] to the ground and handcuffed him roughly").

Because plaintiff's complaint does not allege facts to show that Sheriff Hill's alleged use of force was performed with actual malice, his state law claims must be dismissed based on official immunity.

**D.      Punitive Damages And Attorney's Fees Claims Subject To Dismissal**

Sheriff Hill established that plaintiff's claims for punitive damages and attorney's fees are subject to dismissal. Plaintiff offers no response. (Doc. 11.) The Court should, in turn, find that plaintiff has abandoned these claims. Gore v. Jacobs Eng'g Grp., 706 F. App'x 981, 986 (11th Cir. 2017).

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Sheriff Victor Hill

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 18th day of November, 2021.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Ralph Goldberg
Goldberg & Cuvillier, P.C.
3469 Lawrenceville Hwy., Suite 102
Tucker, GA 30084-6919

This 18th day of November, 2021.

/s/ A. Ali Sabzevari
A. Ali Sabzevari
Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway, Suite E
Forest Park, GA 30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)