IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MITAVION WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:21-CV-3015-AT-CCB |
| v. | ) | |
| | ) | |
| VICTOR HILL | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE AN AMENDMENT AND A NEW PARTY AND CLAIM

Defendant Sheriff Victor Hill ("Sheriff Hill") files this response in opposition to plaintiff's "motion to file an amendment under F.R.C.P. 15(a) and 21 by adding a new party and claim" (Doc. 14), showing the Court as follows:

## I.    INTRODUCTION

This is a Section 1983 civil rights lawsuit filed by plaintiff Mitavion Williams ("plaintiff") who, at the time of the initial complaint, alleged that he was a pretrial detainee at the Clayton County Jail ("CCJ"). (Doc. 1, ¶ 4.) In his initial complaint, plaintiff alleged that on December 26, 2019, he was placed in a restraint chair for more than four hours. (Id., ¶¶ 13, 15.) Plaintiff alleged that at the time he was placed in the chair, "he was unarmed, not under the influence of drugs and offered no resistance." (Id., ¶ 15.) Based on this December 2019 incident, plaintiff

asserted Section 1983 claims against Sheriff Hill for alleged violations of his "due process right to be free from excessive punishment and excessive use of force" as well as alleged violations of the Georgia Constitution and for "state tortious conduct." (Id., ¶ 1.)

On October 1, 2021, Sheriff Hill moved to dismiss all of plaintiff's claims against him. (Doc. 3.)  On October 11, 2021, plaintiff filed his first amended complaint. (Doc. 6.)  In his amended complaint, plaintiff added the following to paragraph 15: "He was placed in the restraint chair at the direction of Defendant and with his knowledge and approval.  Furthermore, he had established a policy of using the restraint chair contrary to the standard operating procedures and in violation of the United States and Georgia Constitutions." (Compare Doc. 6, ¶ 15 with Doc. 1, ¶ 15.)  Despite the amended complaint, plaintiff responded to the motion to dismiss on October 18, 2021. (Doc. 8.)  Thereafter, Sheriff Hill filed his reply brief in support of his motion to dismiss. (Doc. 10.)

On October 25, 2021, Sheriff Hill also moved to dismiss plaintiff's amended complaint. (Doc. 9.)  Plaintiff filed his response on November 4, 2021 (Doc. 11), and Sheriff Hill filed his reply brief on November 18, 2021 (Doc. 12).  The briefing has concluded on the pending motions to dismiss.

Over four months after the briefing on the pending motions, on April 11, 2022, plaintiff seeks leave to amend his complaint for a second time.  (Doc. 14.) In his motion, plaintiff does <u>not</u> seek to add any new allegations or claims against Sheriff Hill.  (Doc. 14-2.)  Rather, plaintiff seeks to add a new defendant, Dexter Ward, and new claims against Ward stemming from an incident that occurred on January 27, 2022, over two years after the restraint chair allegation that formed the basis of the initial complaint.  Plaintiff alleges that on January 27, 2022, Ward shot him with a plastic pellet while "racking the forearm of [a] shotgun."  (Doc. 14-2, ¶¶ 39, 53.)  Plaintiff does not allege that this shooting was intentional, but rather, plaintiff alleges that Ward failed to point his shotgun "in a safe direction prior to chambering a round."  (<u>Id.</u>, ¶ 59.) Plaintiff contends that Ward's conduct was "not a part of his training or Clayton County Sheriff's Office policies" and that he violated "policies" of the Clayton County Sheriff's Office.  (<u>Id.</u>, ¶¶ 56, 80.) Plaintiff, who claims that he is now "a convicted person at the Clayton County Jail," contends that Ward violated plaintiff's rights to be free of excessive force and cruel and unusual punishment and also committed assault and battery.  (<u>Id.</u>, ¶¶ 38, 67, 74, 82.)  Again, plaintiff does not seek to add any new claims or allegations against Sheriff Hill.

As shown below, plaintiff's motion to amend his complaint to assert new claims against a new defendant relating to an incident that is temporally and factually <u>unrelated</u> to the allegations in the initial complaint should be denied. Plaintiff's amendment would unduly prejudice Sheriff Hill (and Ward) in defending the claims and would not serve the ends of justice and would not be in the best interest of efficiency and judicial economy.

## II.   <u>ARGUMENT AND CITATION TO AUTHORITY</u>

### A.   <u>Standard On Motion To Amend Complaint</u>

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its complaint only by leave of court or written consent of the adverse party when it has been more than 21 days following service of the responsive pleading or motion. The rule also provides, "[t]he court should freely give leave when justice so requires." Fed R. Civ P. 15(a)(2).  However, a plaintiff's ability to amend his complaint is not limitless and is not automatic.  <u>See</u> <u>Reese v. Herbert,</u> 527 F.3d 1253, 1263 (11th Cir. 2008) (stating that "[a]s we have frequently observed, though leave to amend is 'freely given when justice so requires,' it is 'not an automatic right'"); <u>Faser v. Sears Roebuck & Co.,</u> 674 F.2d 856, 860 (11th Cir. 1982); <u>Layfield v. Bill Heard Chevrolet Co.,</u> 607 F.2d 1097, 1099 (5th Cir. 1979). Indeed, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to amend "when the

amendment would prejudice the defendant, follows undue delays or is futile."
Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999); see also Foman
v. Davis, 371 U.S. 178, 182 (1962) (listing undue delay, bad faith or dilatory
motive, repeated failures to cure deficiencies, undue prejudice to opposing party,
and futility as factors to consider under Rule 15(a)(2)).

**B.    Leave To Amend Should Not Be Granted Because Plaintiff's Proposed Amendment Would Prejudice Defendants**

Plaintiff previously amended his complaint once as a matter of course and
now seeks leave to amend it again. (See Doc. 6.) Plaintiff's proposed amendment,
however, does not change any of the substantive allegations or add any new claims
against Sheriff Hill.  Rather, plaintiff seeks to present a new and different cause of
action from that presented in the initial complaint and against a new party, Dexter
Ward.  The initial complaint had challenged Sheriff Hill's alleged use of a restraint
chair on December 26, 2019.   The proposed amended seeks to assert a claim
against Ward based on allegations that Ward shot plaintiff with a plastic pellet on
January 27, 2022 while "racking the forearm of [a] shotgun."  (Doc. 14-2, ¶¶ 39,
53.) The amended complaint thus is a new cause of action and plaintiff should be
required to file a new action if he desires to bring a suit against Ward, and he is
well within the statute of limitations to do so.

It is difficult to discern why exactly plaintiff desires to bring this separate
cause of action against Ward as part of his existing case against Sheriff Hill.

Plaintiff offers no explanation as to why the interests of justice require leave to amend. Plaintiff merely contends that the proposed amendment is related to the "restraint chair" because he contends that this new plastic pellet incident constitutes "continuing punishment" under the Fourteenth Amendment. (Doc. 14-1, pp. 7-8.) But to the new defendant, the second amended complaint is an entirely new cause of action. Moreover, there is no continuation from the alleged restraint chair incident in 2019 and the plastic pellet incident years later in 2022. The only continuation is plaintiff's confinement at the Clayton County Jail; however, plaintiff's confinement can be separated. Plaintiff alleges that he was a pre-trial detainee in 2019 and then a convicted inmate in 2022. Plaintiff's federal claims therefore involve different constitutional provisions and have differing standards. A pre-trial detainee's claim of excessive force is governed by the Fourteenth Amendment, whereas a convicted inmate's claim is governed by the Eighth Amendment. Kingsley v. Hendrickson, 576 U.S. 389 (2015); Sears v. Warden Okeechobee Corr. Inst., 762 F. App'x 910, 915 (11th Cir. 2019). In sum, plaintiff seeks to assert claims relating to two distinct incidents, on two distinct dates, during differing conviction statuses (pre-trial detainee v. inmate), and against two different parties. There is simply no continuation between plaintiff's lawsuit against Sheriff Hill and his lawsuit against Ward and no just reason for them to be joined.

Sheriff Hill will also be prejudiced if plaintiff is permitted to amend the complaint to add different claims against a different party in the current action. First, the procedural posture of this litigation supports such a finding. Currently, Sheriff Hill has a motion to dismiss pending that may dispose of this entire action against him, and the Court has stayed all discovery in this case pending a ruling on same. Plaintiff's amendment involves adding claims and a new party and, therefore, would require additional periods of pleading and discovery. Because this case has proceeded well past pleadings and into the resolution stage on a motion to dismiss, Sheriff Hill would be prejudiced by the delay and expense that would result from another amendment to the complaint. See Phillips v. Consol. Publ'g Co., No. 2:13-cv-69, 2015 U.S. Dist. LEXIS 193221, at *13 (S.D. Ga. July 9, 2015) (denying leave to amend complaint to add new claims and new parties when doing so would require additional periods of pleading and discovery and finding that same would cause defendants "significant[] prejudice[]).

Second, should the Court permit the amendment, and the case proceeds into discovery as to the claims against Ward, this case would essentially be bifurcated into two separate tracks. There will be a separate Rule 26(f) conference, separate set of discovery, and a separate dispositive motion deadline for Ward. The bifurcation by operation of the amendment underscores precisely why plaintiff should be required to bring a separate action against Ward if he so desires.

Finally, Ward would also be prejudiced in having to defend plaintiff's claims, including a claim of excessive force, as part of a lawsuit against Sheriff Hill.  Plaintiff's claims against Sheriff Hill involve the alleged use of a restraint chair, which Ward is not alleged to have been involved with whatsoever.  As plaintiff alleges in the original complaint, Sheriff Hill has been indicted by a federal grand jury which has also been made public and has garnered media attention.  Litigating plaintiff's claims against Ward as part of the lawsuit against Sheriff Hill (and vice versa) serves no ends of justice and would not provide Ward with a fair and efficient opportunity to defend the various claims lodged by plaintiff.  Moreover, given the current stay in the case, it is uncertain whether the stay would apply to Ward if he were added as a defendant.  In the event that it would, Ward would experience significant delay from defending his case and reaching speedy and efficient resolution of the claims against him.  See, e.g., Carruthers v. BSA Advert., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004) (upholding denial of leave to amend complaint, in part because amendment would delay proceedings and prejudice defendant, who had completed discovery and would have to conduct additional discovery on new issues introduced by plaintiff's new claims).  Therefore, given the inherent and severe prejudice the amendment would cause, plaintiff's motion should be denied.

### III.   <u>CONCLUSION</u>

Plaintiff's proposed amendment would significantly prejudice both Sheriff Hill and Ward in having to defend two separate cases under one civil action. The amendment makes no sense from a judicial economy standpoint, either. Accordingly, plaintiff's motion to amend his complaint for a second time should be denied.

**FREEMAN MATHIS & GARY, LLP**

<u>/s/ A. Ali Sabzevari</u>
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Sheriff Victor Hill

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 25th day of April, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE AN AMENDMENT AND A NEW PARTY AND CLAIM** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Ralph Goldberg
Goldberg & Cuvillier, P.C.
3469 Lawrenceville Hwy., Suite 102
Tucker, GA 30084-6919

This 25th day of April, 2022.

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway, Suite E
Forest Park, GA 30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)