IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MITAVION WILLIAMS, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| VICTOR HILL, | : | CIVIL ACTION NO. |
|    Defendant. | : | 1:21-CV-03015-AT-CCB |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff Mitavion Williams, confined at the Clayton County Jail (CCJ) in Jonesboro, Georgia, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 6.) Plaintiff has paid the filing fee.

Defendant moves to dismiss the amended complaint.[1] (Doc. 9.) Plaintiff filed a response in opposition. (Doc. 11.) For the reasons stated below, it is **ORDERED** that Plaintiff's motion to amend (Doc. 14) be **DENIED**, and it is **RECOMMENDED** that Defendant's first motion to dismiss (Doc. 3) be **DENIED as moot**, Defendant's second motion to dismiss (Doc. 9) be **GRANTED**, and this action be **DISMISSED without prejudice** for failure to exhaust administrative remedies.

---

[1] "An amended complaint supersedes and replaces the original complaint." *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1319 (11th Cir.), *cert. denied*, 142 S. Ct. 239 (2021). Thus, Plaintiff's original complaint is a nullity, and Defendant's motion to dismiss Plaintiff's original complaint (Doc. 3) should be denied as moot.

**I.     DISCUSSION**

*A.     Motion to Dismiss*

"To avoid dismissal for failure to state a claim, a complaint must include factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). A well-pleaded complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets and internal quotation marks omitted). Ultimately, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint describing misconduct that is merely possible, as opposed to plausible, "has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (brackets and internal quotation marks omitted). Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to "nudge[]" a claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must show that (1) an act or omission deprived him of a right, privilege, or immunity secured by the

Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016).

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires proper exhaustion, including compliance with deadlines and other procedural rules, before a prisoner can file suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also Bryant v. Rich*, 530 F.3d 1368, 1378–79 (11th Cir. 2008) (affirming dismissal of prisoner's claims for failure to exhaust where prisoner did not timely appeal grievance or seek waiver of appeal deadline). The purpose of this requirement is "to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford*, 548 U.S. at 93 (brackets and internal quotation marks omitted). As such, a prisoner must "provide as much relevant information as he reasonably can in the administrative grievance process." *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000).

The PLRA's exhaustion requirement is mandatory, and courts do not have the discretion to waive it. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "[T]he modifier 'available' in the PLRA means that inmates must exhaust administrative remedies

3

so long as there is the possibility of at least some kind of relief." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks omitted). Although the exhaustion requirement is not jurisdictional, it is a "matter in abatement" and thus "should be raised in a motion to dismiss." *Bryant*, 530 F.3d at 1374-75 (internal quotation marks omitted).

A court should apply a two-step process in deciding lack of exhaustion: first, a court should "look[] to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take[] the plaintiff's version of the facts as true." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "If the defendants can establish failure to exhaust based on the *plaintiff's* allegations, dismissal of the complaint is appropriate." *Whatley v. Smith*, 898 F.3d 1072, 1082 (11th Cir. 2018). Otherwise, the court should proceed to make "specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082. After making those findings, the court then should decide "whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

A court may properly "consider facts outside of the pleadings" and "resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Bryant*, 530 F.3d at 1376 (footnotes omitted). "Failure to exhaust administrative remedies is an

affirmative defense. The burden therefore is on the defendant to show that the plaintiff has not exhausted properly his administrative remedies." *Whatley*, 898 F.3d at 1082.

Defendant moves to dismiss this action for, among other things, failure to exhaust administrative remedies. (Doc. 9-1 at 3.) He states that Plaintiff never filed a grievance regarding his claim that on December 26, 2019, he was placed in a restraint chair in violation of his rights. (Doc. 3-1 at 3-7.)

The CCJ has an inmate grievance policy. (*See* Doc. 3-2 at 4-6.) According to the policy, an inmate must submit a grievance within five days of the alleged incident. (*Id.* at 4.) After an inmate submits a grievance or appeal, officials have ten days to respond. (*Id.* at 5.) Defendant submitted copies of all grievances filed by Plaintiff while at the CCJ. (*See id.* at 7-20.) A review of these grievances does not show that Plaintiff filed a grievance relating to the incident on December 26, 2019. In his response to Defendants' motion to dismiss, Plaintiff states that he should be excused from exhaustion because the grievance procedure was unavailable. (Doc. 11 at 4.) In particular, he argues that he was not informed about the grievance procedure and learned about the procedure later. (*Id.*; *see also* Doc. 8-1 at 2 (Plaintiff's affidavit that he had not heard about grievance system at the time he was placed in the restraint chair)).

Plaintiff has failed to show at the first step of *Turner* that he properly exhausted his administrative remedies and that his failure to exhaust should be excused. As noted above, there is no indication that Plaintiff submitted a grievance regarding the restraint chair. Plaintiff avers that he was not aware of the grievance system and that the kiosks used to file a grievance were not on during orientation. (Doc. 8-1 at 2-3.) In particular, he states, "No one ever showed me how to file a grievance several months later." (Doc. 8-1 at 3.) Furthermore, he states, "To this date, no one has ever told me how soon I am required to file a grievance." (*Id.*)

However, given that Plaintiff has submitted numerous grievances at the CCJ, the evidence clearly shows that Plaintiff was aware of the grievance system. He argues, nonetheless, that although he may have become aware of the grievance system afterward, he was not aware of the grievance system at the time he was placed in the restraint chair.[2] (Doc. 11 at 4.) But lack of awareness does not mean that the grievance procedure was "unavailable" for purposes of the PLRA. *See Youmans v. St. Lucie Cnty. Jail*, No. 15-14164-Civ-MARRA, 2018 U.S. Dist. LEXIS

---

[2] Petitioner's contention that he should be excused from exhaustion because he was unaware that he needed to exhaust resembles the "special circumstances" exception that the Supreme Court has rejected. *See Ross v. Blake*, 578 U.S. 632, 637 (2016) (rejecting circuit court rule that a prisoner's reasonable but mistaken belief that he had sufficiently exhausted his remedies excused lack of exhaustion).

8944, at *54-55 (S.D. Fla. Jan. 18, 2018) ("It is well settled that a failure to exhaust is not excused merely because [of] an inmate['s] mistaken belief on the method of exhausting his administrative remedies. . . . Plaintiff's lack of knowledge or mistaken beliefs that he was not required or did not know he had to exhaust his claims do not excuse his failure to properly exhaust his unlawful use of force claim and his deliberate indifference claim following the July 2013 incident.").[3]

Yet even assuming that lack of awareness could excuse lack of exhaustion, and even accepting as true Plaintiff's statement that nobody has ever told him how soon he is required to file a grievance, by his own standard, Plaintiff has failed to properly exhaust his remedies because he has never even attempted to exhaust his claim.[4] As shown by his numerous other grievances, at some point, Plaintiff clearly learned how to file a grievance. Thus, as a natural consequence of his argument, Plaintiff failed to take any reasonable step to exhaust his administrative remedies: by his argument, Plaintiff cannot reasonably claim that any attempt to exhaust his claim would have been untimely because he states that he has never been told how long he has to file a grievance. (*See* Doc. 8-1 at 3.) And

---

[3] Although not available on Lexis, the docket shows that this Report and Recommendation was adopted by the district judge at Doc. 165 on March 30, 2018.

[4] Although Plaintiff now claims that he did not exhaust but his lack of exhaustion should be excused, he stated in his complaint that "Plaintiff has exhausted all applicable administrative remedies." (Doc. 1 at 2.)

insofar as he might claim that any attempt at exhaustion would have been futile because he would have suspected that his grievance would be untimely, futility is not a valid reason to waive exhaustion. *See Varner v. Shepard*, 11 F.4th 1252, 1264 (11th Cir. 2021) (explaining that "since exhaustion is now a pre-condition to suit, the courts cannot simply waive those requirements where they determine they are futile or inadequate" (brackets and internal quotation marks omitted)).[5] As a result, Plaintiff failed to properly exhaust his administrative remedies prior to filing suit. *See Turner*, 541 F.3d at 1082; *Whatley*, 898 F.3d at 1082. Consequently, this action is subject to dismissal.[6]

    B.    *Motion to Amend*

Although a court should freely give leave to amend, Fed. R. Civ. P. 15(a)(2), leave to amend is not necessary when amendment would be futile, *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as

---

[5] For the same reason, to the extent Plaintiff argues it would have been futile to submit a grievance concerning Defendant's use of the restraint chair or because it is not reasonable to believe that the Sheriff himself could be subject to any sort of discipline, (*see* Doc. 11 at 4; Doc. 8 at 1–4), such futility does not excuse his failure to exhaust.

[6] Because I recommend that Defendant's motion to dismiss be granted based on a failure to exhaust, I decline to address the other arguments Defendant makes in his motion to dismiss.

amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

Plaintiff filed a motion to amend. (Doc. 14.) He seeks to add a new claim regarding a shooting with plastic pellets by an officer named Dexter Ward that occurred on January 27, 2022. (Doc. 14-1 at 1.) However, this claim, which involves a different defendant, appears to be entirely unrelated to his restraint chair claim, which occurred on December 26, 2019, over two years before the alleged shooting. (*See* Doc. 1 at 4.) Under Federal Rule of Civil Procedure 20(a)(2), a complaint against multiple defendants is permissible only if (A) it asserts against defendants a right to relief that is joint or several or that arises out of the same transaction, occurrence, or series of transactions or occurrences and (B) any question of law or fact common to all named defendants will arise in the action. *See Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (affirming dismissal of claims based on separate excessive force incidents and brought against ten different corrections officers); *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010) ("[T]he district court did not abuse its discretion in dismissing Skillern's case without prejudice because Skillern failed to comply with the magistrate's order to comply with Rule 20(a) . . . . The actions of the defendants named by Skillern appear to be separate incidents . . . .").

Plaintiff argues that his proposed shooting claim is related to his restraint chair claim because it constitutes a "continuing punishment of Plaintiff under the Fourteenth Amendment." (Doc. 14-1 at 8.) This argument is far too broad. To accept such an argument would mean that nearly every claim arising from an inmate's confinement would be part of the same transaction or occurrence, a result clearly at odds with Rule 20. Plaintiff presents no facts showing that the two incidents are reasonably related to each other. They involve different defendants and incidents separated by approximately two years. Indeed, about the only thing connecting them is that they both occurred at the CCJ. Rule 20 requires more, and Plaintiff's motion to amend (Doc. 14) is **DENIED**. If Plaintiff wishes to pursue this claim, he should do so in a separate lawsuit.

## II.     CONCLUSION

For the reasons stated above, it is **ORDERED** that Plaintiff's motion to amend (Doc. 14) be **DENIED**, and it is **RECOMMENDED** that Defendant's first motion to dismiss (Doc. 3) be **DENIED as moot**, Defendant's second motion to dismiss (Doc. 9) be **GRANTED**, and this action be **DISMISSED without prejudice** for failure to exhaust administrative remedies.

The Clerk is directed to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED**, this 7th day of July, 2022.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE